UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MARIO D. STEWART #548996     CIVIL ACTION NO. 18-cv-0204

VERSUS     JUDGE FOOTE

DARREL VANNOY     MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

**Introduction**

Mario Stewart ("Petitioner") was convicted of second-degree murder in a case prosecuted in Caddo Parish. After pursuing an appeal and a post-conviction application in state court, Petitioner filed this federal habeas corpus proceeding and asserted several claims, including attacks on the effectiveness of trial counsel. The habeas petition has now been fully briefed and is ripe for a report and recommendation.

More than three months after briefing was completed, Petitioner filed a Motion to Stay (Doc. 21) and asked this court to stay this proceeding to allow him to exhaust his state court remedies with respect to new evidence that he claims to have discovered that would better support one of his ineffective assistance of counsel claims. Petitioner received an evidentiary hearing in the state court, and he claims that his former trial attorney testified at the hearing that he was unaware of potential defense witness Felton Dukes. Petitioner claims that he reviewed recently received client files and found a discovery motion filed by trial counsel that includes the name and contact information for Mr. Dukes.

**Applicable Law**

The stay and abeyance requested by Petitioner "should be available only in limited circumstances." Rhines v. Weber, 125 S.Ct. 1528 (2005). Courts should be cautious about granting such stays because they undermine the AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. Id. A "stay and abeyance is appropriate when the district court finds that there was good cause for the failure to exhaust the claim; the claim is not plainly meritless; and there is no indication that the failure was for purposes of delay." Id.

**Analysis**

Petitioner is not asking to stay this case so that a new claim can be exhausted in the state courts. Rather, he is asking for an opportunity to relitigate a claim on which a hearing has been held and merits decisions have been issued. Petitioner has not cited any authority for the use of the stay and abeyance procedure in a similar setting. In any event, the undersigned has reviewed the habeas petition and determined that it was not timely filed. A report and recommendation has issued that recommends dismissal of the federal petition based on the timeliness defense. If that recommendation is accepted, the stay and abeyance request will be moot. Accordingly, the best exercise of the court's discretion in these circumstances is to deny a stay. **The Motion to Stay (Doc. 21)** is, therefore, **denied**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 19th day of June, 2019.

Mark L. Hornsby
U.S. Magistrate Judge