UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MARIO D. STEWART #548996     CIVIL ACTION NO. 18-cv-0204

VERSUS     JUDGE FOOTE

DARREL VANNOY     MAGISTRATE JUDGE HORNSBY

### REPORT AND RECOMMENDATION

**Introduction**

Mario Stewart ("Petitioner") was convicted of second-degree murder in connection with the shooting death of Curtis Ewing in a rural area of Caddo Parish. He pursued state court remedies and then filed the federal habeas petition that is before the court. The State filed a response that addressed the merits of the claims and asserted a timeliness defense. Petitioner had an opportunity to file a reply memorandum and address the timeliness issue, but he did not do so. For the reasons that follow, it is recommended that the petition be denied as untimely.

**Background Facts**

A family heard shots near their Lowery Road home on Christmas Eve around 9:00 p.m. They found the victim, later identified as Curtis Ewing, lying on the ground and bleeding from .45 caliber bullet wounds. Before the victim died, he was able to tell three investigating officers that "Mario" was responsible, and he told one officer that they had traveled from the Mooretown neighborhood in Shreveport in a blue Ford Escort.

The investigation led to Petitioner and his friend Drexell Tolliver. Both men gave a number of statements in which they admitted being with the victim that night. Petitioner admitted to various plans to rob the victim but never admitted that he shot him. Tolliver gave several statements with different versions of the facts, including everything from denial of any knowledge to admitting that he shot the victim and, later, saying that Petitioner shot the victim as part of a contract killing.

The victim's brother testified that Petitioner picked up the victim that evening, and they left in a Ford Escort. Petitioner's girlfriend testified that he borrowed her Ford Escort that evening. Tolliver pled guilty to manslaughter and testified against Petitioner at trial. He admitted giving different statements in the past, but he claimed that the truth was that Petitioner shot the victim. Three jailhouse witnesses offered testimony about what Petitioner or Tolliver allegedly told them about the crime.

The jury found Petitioner guilty, and he received a mandatory life sentence. Petitioner appealed on a variety of issues, including sufficiency of the evidence, violation of confrontation rights through the introduction of photographs, and wrongful introduction of an autopsy report. The conviction and sentence were affirmed. State v. Stewart, 46 So.3d 714 (La. App. 2d Cr. 2010), writ denied, 71 So.3d 273 (La. 2011).

Petitioner next filed a post-conviction application in state court to complain of ineffective assistance of counsel and other alleged errors. The state courts denied the application. Petitioner then filed with this court a petition for writ of habeas corpus that asserts ineffective assistance of counsel, denial of the right to confrontation, and cumulative effect of errors.

**Timeliness**

A one-year period of limitations applies to petitions for habeas corpus. In an ordinary case, such as this one, the limitation period runs from the date on which the state court judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The first task, then, is to determine the date on which Petitioner's conviction became final after direct review.

Petitioner was convicted in 2009. He was granted an out-of-time direct appeal to challenge his conviction before the intermediate appellate court. He then filed an application for a discretionary writ to the Supreme Court of Louisiana, which denied the application on Friday, September 30, 2011. Tr. 2877. Petitioner did not file a petition for certiorari to the United States Supreme Court.

In these circumstances, Petitioner's conviction is deemed final and commences the running of the federal limitations period when the 90-day period for filing a petition for certiorari to the Supreme Court expires. Matthis v. Cain, 627 F.3d 1001, 1003 (5th Cir. 2010), citing Jimenez v. Quarterman, 129 S.Ct. 681, 685 (2009) (addressing effect of out-of-time appeals). Thus, Petitioner's conviction became final for federal habeas purposes 90 days after the Supreme Court of Louisiana denied writs on September 30, 2011. That date is Thursday, December 29, 2011.

The federal limitations clock began to run on December 29, 2011, and it ran until Petitioner filed in the state court an application for post-conviction relief. 28 U.S.C. § 2244(d)(2) (a properly filed post-conviction application tolls the federal limitations

period). A Louisiana prisoner's *pro se* post-conviction application is deemed filed when he delivers it to prison authorities for forwarding to the court. LeBeuf v. Cooper, 223 Fed. Appx. 430 (5th Cir. 2007), citing Causey v. Cain, 450 F.3d 601, 605-06 (5th Cir. 2006). Petitioner's post-conviction application was stamped filed by the clerk of court on October 26, 2012 (Tr. 2878), but Petitioner signed a certificate of service that represented it was mailed on October 17, 2012. Tr. 2906. There is no evidence that Petitioner tendered or mailed the application on any earlier date. The court will assume the application was tendered to prison officials on the earliest date in evidence, October 17, 2012. That filing tolled the federal clock after 292 days had passed.

The filing of the post-conviction application did not restart the one-year period. All time that passed between finality of the conviction and the filing of the post-conviction application counts against the one-year period. Lawrence v. Florida, 127 S.Ct. 1079, 1081-82 (2007) (tolling by a post-conviction application stops the clock but does not restart it); Flanagan v. Johnson, 154 F.3d 196, 199 n. 1 (5th Cir. 1998) (same). A post-conviction application stops the clock so long as it is pending, beginning "on the day it is filed through (and including) the day it is resolved." Windland v. Quarterman, 578 F.3d 314, 317 (5th Cir. 2009).

Petitioner's post-conviction application received a hearing and was the subject of various complicated proceedings. It was ultimately denied by the state courts at all levels. The final step was when the Supreme Court of Louisiana denied an application for a discretionary writ on November 28, 2017. Tr. 3607-08. That ended the tolling effect; the 90-day opportunity to file a petition for certiorari after the state's high court denies a post-

conviction application does not continue the tolling effect of a post-conviction application. Lawrence v. Florida, 127 S.Ct. 1079 (2007); Ott v. Johnson, 192 F.3d 510, 512 (5th Cir.1999). With 292 days already expired, the federal clock started again with November 29, 2017 as the next day counted.

The federal clerk of court received Petitioner's federal petition on February 15, 2018, after officials at the Louisiana State Penitentiary scanned and emailed the petition to the court. But the federal petition benefits from a prisoner mailbox rule that deems it filed when the prisoner tenders it to prison officials for delivery to the district court. Spotville v. Cain, 149 F.3d 374 (5th Cir. 1998). The petition was signed and dated February 14, 2018, and it included an affidavit/certificate that a copy was delivered to an officer for mailing on that same date. A cover letter to the clerk of court was dated the same. The court will assume the federal petition was tendered and thus filed on the day it was signed, February 14, 2018.

A total of 77 days passed between the end of post-conviction tolling on November 28, 2017 and the filing of the federal petition on February 14, 2018 (the 78th day). When those 77 days are added to the 292 days that expired earlier, a total of 369 un-tolled days passed between the finality of Petitioner's conviction and the filing of his federal habeas petition on day 370. Thus, even with all doubts resolved in Petitioner's favor, his federal petition was filed more than one year (365 days) after the federal limitations period expired. Petitioner has not pointed to any other post-conviction proceedings or facts that would toll the period beyond what was discussed above. His petition is untimely.

Accordingly,

It is recommended that the petition for writ of habeas corpus be denied as untimely.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000). A party may, within fourteen (14) days from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

      THUS DONE AND SIGNED in Shreveport, Louisiana, this 19th day of June, 2019.

                                        Mark L. Hornsby
                                        U.S. Magistrate Judge