UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MARIO D. STEWART #548996 | CIVIL ACTION NO. 18-204 SEC P |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| DARREL VANNOY | MAGISTRATE JUDGE HORNSBY |

### Memorandum Ruling

Pending before the Court is Petitioner's motion for relief from judgment filed pursuant to Federal Rule of Civil Procedure 60(b). Defendant did not file an opposition and the motion is ripe for review. For the reasons stated herein, Petitioner's motion [Record Document 29] is **DENIED**.

### Background

Petitioner, Mario Stewart ("Stewart"), filed a petition for writ of habeas corpus challenging the validity of his Louisiana conviction for second-degree murder. Record Document 1. After reviewing Stewart's petition and Defendant's response, the Magistrate Judge issued a Report and Recommendation that Stewart's habeas petition be denied as untimely. Record Document 23 at 6. The Magistrate Judge explained that Stewart's petition was subject to a one-year period of limitations, which runs from the date on which the state court judgment of conviction becomes final either by the conclusion of direct review or by the expiration of the time for seeking direct review. *Id.* at 3. Based on the evidence available, Stewart's conviction became final on December 29, 2011, and the federal limitation period began to run from that date until Stewart filed his Louisiana post-conviction application. *Id.* at 3-4. The Magistrate Judge concluded that Stewart's post-

1

conviction application should be considered filed as of the date he signed a certificate of service—October 17, 2012. *Id.* at 4. Hence, the federal limitations period was tolled after 292 days had passed and began to run again when the Supreme Court of Louisiana denied an application for a discretionary writ on November 28, 2017. *Id.*

Under the mailbox rule, Stewart's instant federal habeas petition was filed on February 14, 2018, which was seventy-seven days after the period of limitations began to run again on November 28, 2017. *Id.* at 5. Adding the 292 days the period of limitations ran prior to Stewart's post-conviction application to the seventy-seven days it ran after his post-conviction application was denied, Stewart filed his habeas application after 369 un-tolled days. *Id.* Therefore, Stewart's habeas petition was untimely because it was filed more than 365 un-tolled days after the period of limitations began to run. *Id.*

Stewart was given an opportunity to object to the Magistrate Judge's Report and Recommendation, but the Court received no objection. Ultimately, this Court adopted the Report and Recommendation and ordered that Stewart's petition for writ of habeas corpus be denied. Record Document 24. Stewart appealed the judgment to the Fifth Circuit Court of Appeals, but the appeal was dismissed for want of prosecution. Record Documents 25 and 26. Finally, Stewart filed the instant motion for relief from judgment. Record Document 29. He claims that he did file an objection to the Report and Recommendation and that the Court never received it because the "filing was not properly handled by prison officials." Record Document 29 at 2.

Stewart attached to his Rule 60(b) motion the objection to the Report and Recommendation that he previously attempted to file in this matter. Record Document 29-

2

1 at 2-5. In this document, Stewart asserts that his post-conviction application should be considered mailed as of October 10, 2012, instead of October 17, 2012, as the Magistrate Judge concluded. *Id.* at 2. Stewart claimed to have a legal mail receipt demonstrating that he submitted his application for mailing on October 10, 2012, but failed to include that receipt with his filing. The Court gave Stewart an opportunity to submit the receipt, which he did. Record Documents 31 and 32.

## Law and Analysis

Prior to reaching the merits of a habeas petitioner's Rule 60(b) motion, a court must ensure that the motion is not actually an improper second or successive habeas petition. *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005). Generally, a Rule 60(b) motion should be construed as a second or successive habeas petition "if it attacks the federal court's previous resolution of a claim *on the merits*." *Will v. Lumpkin*, -- F.3d. --, No. 18-70030, 2020 WL 4744894, at *2 (5th Cir. Aug. 17, 2020) (quoting *Gonzalez*, 545 U.S. at 532) (emphasis in original). There "are two circumstances in which a district court may properly consider a Rule 60(b) motion in a [28 U.S.C.] § 2254 proceeding: (1) the motion attacks a 'defect in the integrity of the federal habeas proceeding,' or (2) the motion attacks a procedural ruling which precluded a merits determination." *Gilkers v. Vannoy*, 904 F.3d 336, 344 (5th Cir. 2018). A procedural ruling does not preclude a merits determination when a court includes a "robust merits analysis in the alternative" to the procedural ruling. *Will*, 2020 WL 4744894 at * 3. In this case, Stewart seeks to challenge a procedural ruling which prevented the Court from reaching the merits of his habeas claims and the Court

3

made no alternative holdings regarding the merits of his claims. As such, the Court can properly consider Stewart's Rule 60(b) motion.

Federal Rule of Civil Procedure 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for a variety of reasons. Relevant to this case are Rule 60(b)(1) which allows a court to relieve a party from a judgment due to "mistake, inadvertence, surprise, or excusable neglect" and Rule 60(b)(6) which allows relief for "any other reason that justifies relief." Rule 60(c) requires that any motion filed under 60(b)(1) be filed within a "reasonable time" that is not to exceed one year. A Rule 60(b)(6) motion is not subject to a one-year limitation, but must still be filed within a reasonable time. Fed. R. Civ. P. 60(c)(1).

Because Stewart's motion was filed less than one year after the entry of the judgment he seeks to challenge, Rule 60(c)'s one-year limit is not at issue, and the Court must only determine whether his motion was filed within a reasonable time. "Reasonableness turns on the 'particular facts and circumstances of the case.'" *Clark v. Davis*, 850 F.3d 770, 780 (5th Cir. 2017) (quoting *Travelers Ins. Co. v. Lijeberg Enters., Inc.*, 38 F.3d 1404, 1410 (5th Cir. 1994)). Among the relevant factors to consider are whether the party opposing the motion has been prejudiced by the delay and whether the moving party has good reason for failing act sooner. *Id.* The timeliness of a motion is measured from the date when the moving party has grounds to make the motion, "regardless of the time that has elapsed since the entry of judgment." *In re Edwards*, 865

F.3d 197, 208 (5th Cir. 2017) (quoting *First RepublicBank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 120 (5th Cir. 1992)).

In this case, the Magistrate Judge issued his Report and Recommendation on June 19, 2019. Record Document 23. This Court, specifically noting that no written objections were filed, adopted the Magistrate Judge's Report and Recommendation on August 12, 2019. Record Document 24. On September 9, 2019 the Court received Stewart's Notice of Appeal which referenced the Court's August 12, 2019 judgment. Record Document 25. Thus, while Stewart was understandably unaware that the Court never received his objections to the Magistrate Judge's Report and Recommendation prior to when the Court issued a judgement adopting the Report and Recommendation, Stewart was on notice that the Court had not received his objection by September 9, 2019 at the latest. This is therefore the date from which the Court will determine whether Stewart's motion as filed within a reasonable time.

Stewart's appeal was dismissed for want of prosecution on October 7, 2019. Record Document 26. On October 7, 2019, the Court received Stewart's motion to proceed in forma pauperis on appeal and issued a notice of deficiency informing Stewart that he needed to supplement his motion to proceed in forma pauperis. Record Documents 27 and 28. Stewart took no action to correct this deficiency. Then, on December 18, 2019— 100 days after being made aware that the Court never received his objection—Stewart filed the instant motion for relief from judgment based on the fact that the Court never received his objection. Record Document 29 at 8.

Given the circumstances of this case, a delay of over three months is unreasonable. At any time after Stewart received this Court's judgment stating that it had received no objections, Stewart could have filed a motion informing the Court of the error. Instead, Stewart chose to pursue an appeal, abandon that appeal, take no action for several months, and then file the instant motion. His motion provides no reason for why Stewart waited several months to alert the Court of the error. Therefore, Stewart's Rule 60(b) motion is denied because it was not filed within a reasonable time.

The Court additionally notes that even if it had received Stewart's objection prior to issuing its judgment adopting the Report and Recommendation, the objection failed to support Stewart's assertion that he had placed his application for post-conviction relief in the hands of prison officials for mailing by October 10, 2012. Record Document 29-1 at 2, 6. It was only after the Court inquired as to whether Stewart had support for his assertion that he produced an "Offender's Request for Legal/Indigent Mail" dated October 10, 2012. Record Document 32-1. This came with no explanation as to why it was not produced earlier. More significantly, this evidence contradicts Stewart's own post-conviction application which carries a date of October 17, 2012 on the certificate of service. Record Document 20-15 at 68. Thus, Stewart's new evidence is inconsistent with the application that has been litigated through the court system, and he has provided no explanation as to why (1) the mail receipt is dated five days before the certificate of service and (2) the Court should accept this conflicting evidence over the proof already in the record. The mail receipt does not alter the Court's determination in this matter.

## Conclusion

Because the Court finds that Stewart's Rule 60(b) motion was not filed within a reasonable time, his motion [Record Document 29] is **DENIED**. Stewart's Rule 60(b) motion sought to alter the original § 2254 judgment so a certificate of appealability is required to appeal the denial of 60(b) relief. *Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007). To obtain a COA under 28 U.S.C. § 2253(c), Stewart "must make a substantial showing of the denial of a constitutional right," which includes a showing "that reasonable jurists could debate whether ... the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal quotation marks and citation omitted). The Court finds that Stewart has not done so and thus **DENIES** a certificate of appealability.

**THUS DONE AND SIGNED** this 10th day of September, 2020.

ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE